SHEPHERD, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s holding that GeoVera’s negligence claim fails as a matter of law. With respect to the majority’s holding as to GeoVera’s breach of contract claim, however, I respectfully dissent. In my view, the contract is at least ambiguous, and as such, Arkansas law requires that we construe it against the drafter. Byme, Inc. v. Ivy, 367 Ark. 451, 241 S.W.3d 229, 236 (2006).
*452 I believe the contract is “fairly susceptible to more than one equally reasonable interpretation.” Roberts Contracting Co. v. Valentine-Wooten Rd. Pub. Facility Bd., 2009 Ark. App. 437, 320 S.W.3d 1, 9 (2009). As the majority observes, Article II, Section (B)(2) does not expressly limit Graham’s responsibility to apply GeoVera’s underwriting requirements to applications delivered by Graham. However, it also does not expressly require Graham to oversee the delivery of policies by appointed retail producers. In addition, Article III of the Agreement contemplates a direct relationship between the retail producers and GeoVera by permitting retail producers to deliver electronic applications directly to GeoVera. The absence of express language requiring supervision by Graham, coupled with the ability of retail producers to deliver policies directly, makes it reasonable to interpret the conditional clause in Article II, Section (B)(2) as applicable only when Graham is the party engaging in the delivery of policy applications.
Although I disagree with the majority’s interpretation, its analysis is equally reasonable. Nonetheless, I believe our differing interpretations make the Agreement at least ambiguous as to whether Graham was required to supervise the delivery of policy applications by retail producers. Arkansas law thus dictates that we construe the Agreement against the drafter, GeoVera. Byme, Inc., 241 S.W.3d at 236. Accordingly, I would affirm the district court’s grant of summary judgment in favor of Graham.